IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **WILLIAM PUGH** and **MICHA PUGH**, | § § § | **CIVIL ACTION NO.** |
| Plaintiffs, | § § | |
| | § | 5:15-CV-934 |
| V. | § § | |
| **STATE FARM LLOYDS**, | § § | |
| Defendant | § § | **JURY REQUESTED** |

**STATE FARM LLOYDS' NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES State Farm Lloyds and files this Notice of Removal pursuant to 28 U.S.C. § 1446(a) (2015). In support hereof, State Farm Lloyds would respectfully show the Court as follows:

**BRIEF STATEMENT OF NOTICE**

1. This is a civil action dispute between Plaintiffs William Pugh and Micha Pugh (jointly and severally, "Plaintiffs") and State Farm Lloyds concerning an insurance claim for alleged damage to Plaintiffs' property in Bexar County, Texas, purportedly caused by plumbing leaks on or about August 20, 2014. Plaintiffs are citizens of the State of Texas and State Farm Lloyds is an unincorporated insurance association whose underwriters are all citizens of states other than Texas[1]. Accordingly, because there is complete diversity of citizenship between Plaintiffs on the one hand

---

[1] For purposes of ascertaining diversity jurisdiction, an unincorporated insurance association is considered to have the citizenship of its underwriters. See *Royal Insurance Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-883 (5th Cir. 1993), cert. denied, 511 U.S. 1032 (1994).

and State Farm Lloyds on the other, and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, jurisdiction is correctly vested in this Court. See, e.g., *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 & 866 (5th Cir. 2003), cert. denied, 541 U.S. 1073 (2004); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Manguno v. Prudential Property and Casualty Insurance Co.*, 276 F.3d 720, 723-724 (5th Cir. 2002); see also *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995) (when diversity jurisdictional amount was $50,000.00).

## PROCEDURAL BACKGROUND

2. On October 2, 2015, Plaintiffs filed the Original Petition (herein so called) in Cause No. 2015CI16760, styled *William and Micha Pugh v. State Farm Lloyds*, in the 73rd Judicial District Court, Bexar County, Texas. State Farm Lloyds was served with Plaintiffs' Original Petition and citation on October 13, 2015.

3. This Notice of Removal is filed by State Farm Lloyds within thirty (30) days after the date on which State Farm Lloyds was served with Plaintiffs' Original Petition and citation. It is therefore timely under 28 U.S.C. § 1446(b) (2015).

## NATURE OF THE ACTION

4. This action involves a dispute over an insurance claim reported by Plaintiffs under a homeowners insurance contract for alleged damage to Plaintiffs' property in Bexar County, Texas, purportedly caused by plumbing leaks on or about August 20, 2014. In the Original Petition, Plaintiffs state that they are "seek[ing] monetary relief of [sic] over $100,000.00 but not more than $200,000.00." See *Plaintiffs' Original Petition* at § I, p. 1, included with the *Index of State Court Papers* attached as Exhibit A hereto, incorporated herein, and made a part hereof for all pertinent purposes.

5. Plaintiffs specifically contend that "[State Farm Lloyds] has committed breach of contract of insurance between the parties"; supposedly violated §§ 17.50(a) and 17.46(b) of the Texas Deceptive Trade Practices – Consumer Protection Act; supposedly violated Chapter 541 (formerly Article 21.21) of the Texas Insurance Code; supposedly violated Chapter 542 (formerly Article 21.55) of the Texas Insurance Code; and supposedly breached the common-law duty of good faith and fair dealing. See *Plaintiffs' Original Petition* at § VII, p. 3; § IX, p. 4; § X, pp. 4-5; § XII, pp. 5-6; § XIII, pp. 6-7; § XIV, pp. 7-8; § XV, p. 8; & § XVI, p. 8, included with the *Index of State Court Papers* attached as Exhibit A hereto, incorporated herein, and made a part hereof for all pertinent purposes. Plaintiffs go on to claim "actual damages in an amount in excess of the minimum jurisdictional limits of the Court, including actual and consequential damages, cost of replacement and/or [sic] repair of Plaintiff's [sic] property, alternative living expenses, storage expenses, all due to the [allegedly] covered loss as provided by the contract of insurance, loss of use due to the delay and malfeasance of the Defendant, exemplary damages, court costs[,] and reasonable attorney's [sic] fees." See *id.* at § XX, p. 9.

## BASIS FOR REMOVAL

6. Removal is proper pursuant to 28 U.S.C. § 1332 (2015) because there is complete diversity of citizenship between Plaintiffs on the one hand and State Farm Lloyds on the other. Further, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### *Diversity of Citizenship*

7. At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, Plaintiffs were and are citizens of the State of Texas. See *Plaintiffs' Original Petition* at § III, p. 1, included with the *Index of State Court Papers* attached as Exhibit A hereto, incorporated herein, and made a part hereof for all pertinent purposes.

8. At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, State Farm Lloyds was and is an unincorporated insurance association whose underwriters were and are all citizens of states other than Texas. Accordingly, State Farm Lloyds is not a citizen of the State of Texas for purposes of federal diversity jurisdiction. See, e.g., *Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) (citizenship of State Farm Lloyds diverse from that of Texas plaintiffs); *Alonzo v. State Farm Lloyds*, 2006 WL 1677767, at *1 (W.D. Tex. June 12, 2006) (same); *Caballero v. State Farm Lloyds*, 2003 WL 23109217, at *1 (S.D. Tex. October 31, 2003) (same).

9. As such, complete diversity of citizenship exists in this action. That is, the citizenship of Plaintiffs is different than the citizenship of State Farm Lloyds. See *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005) (diversity jurisdiction present when all parties on one side of action are citizens of different states from all parties on other side).

### *Amount in Controversy*

10. Plaintiffs' Original Petition expressly states that Plaintiffs are claiming damages in excess of $100,000.00. See *Plaintiffs' Original Petition* at § I, p. 1, included with the *Index of State Court Papers* attached as <u>Exhibit A</u> hereto, incorporated herein, and made a part hereof for all pertinent purposes. It is therefore apparent that the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

### THE REMOVAL IS PROCEDURALLY CORRECT

11. This Notice of Removal is filed by State Farm Lloyds within thirty (30) days after the date on which State Farm Lloyds was served with Plaintiffs' Original Petition and citation. See 28 U.S.C. § 1446(b) (2015). This Notice of Removal is also filed within one (1) year of commencement of Plaintiffs' lawsuit. See *id.*

12. As set forth in detail in this Notice of Removal, this Court has jurisdiction because there is complete diversity of citizenship between Plaintiffs on the one hand and State Farm Lloyds on the other. Also as set forth in detail in this Notice of Removal, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

13. Venue is proper in this district under 28 U.S.C. § 1446(a) (2015) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claim or claims allegedly happened in this district.

14. Pursuant to 28 U.S.C. § 1446(a) (2015), attached as Exhibit A hereto is an *Index of State Court Papers* and copies of all process, pleadings, orders, and the docket sheet on file in the state court lawsuit. Additionally, attached as Exhibit B hereto is a *List of Parties and Counsel* relating to this action and attached as Exhibit C hereto is an *Index of Matters Being Filed* in this action. Each of the exhibits is incorporated herein and made a part hereof for all pertinent purposes.

15. Pursuant to 28 U.S.C. § 1446(d) (2015), promptly after the filing of this Notice of Removal, written notice thereof will be given to Plaintiffs, the adverse parties.

16. Pursuant to 28 U.S.C. § 1446(d) (2015), promptly after the filing of this Notice of Removal, a true and correct copy thereof will be filed with the Clerk of Court of the District Court for Bexar County, Texas.

## REQUEST FOR JURY TRIAL

17. The Original Petition recorded in the state court by Plaintiffs included a jury demand. With the filing of this Notice of Removal, State Farm Lloyds concurs and respectfully requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## CONCLUSION

18. Based on the foregoing, State Farm Lloyds respectfully requests that this action be removed from the 73rd Judicial District Court, Bexar County, Texas, to the United States District

Court for the Western District of Texas, San Antonio Division. State Farm Lloyds also respectfully asks that this Court enter such other and further orders as may be necessary or appropriate.

Respectfully submitted,

**JONES, ANDREWS & ORTIZ, P.C.**

By: /s/ Ray R. Oritz
Ray R. Ortiz / State Bar No. 15324280
Jonathan W. Law / State Bar No. 24028656
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
210-344-3900 Telephone
210-366-4301 Telecopier
ray@jao-law.com E-mail
jon@jao-law.com E-mail

**ATTORNEY-IN-CHARGE FOR STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

On October 28, 2015, the foregoing document was served in compliance with the Federal Rules of Civil Procedure by mail, hand delivery, telecopier transmission, or CM/ECF electronic notice to the following:

Mr. Daniel Oren Kustoff
State Bar No. 11770515
Ms. Melanie Phipps Sanders
State Bar No. 24032416
Mr. Gabriel Aaron Rodriguez
State Bar No. 24079675
Kustoff & Phipps, LLP
4103 Parkdale Street
San Antonio, Texas 78229
210-614-9444 Telephone
210-614-9464 Telecopier
dkustoffservice@kplegal.com E-mail
msanders@kplegal.com E-mail
grodriguez@kplegal.com E-mail

/s/ Ray R. Ortiz
Ray R. Ortiz / Jonathan W. Law