# EXHIBIT A

## to State Farm Lloyds' Notice of Removal

*[Index of State Court Papers]*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILLIAM PUGH and MICHA PUGH, | § § § | CIVIL ACTION NO. |
| Plaintiffs, | § § | 5:15-CV-934 |
| V. | § § | |
| STATE FARM LLOYDS, | § § | |
| Defendant | § | JURY REQUESTED |

INDEX OF STATE COURT PAPERS IN
STATE COURT CAUSE NO. 2015CI16760

1. Civil Case Docket for Cause No. 2015CI16760, styled *William and Micha Pugh v. State Farm Lloyds*, in the 73rd Judicial District Court, Bexar County, Texas

2. Citation to State Farm Lloyds

3. Plaintiffs' Original Petition

4. Civil Case Information Sheet

*[Remainder of page intentionally left blank]*

# BEXAR COUNTY DISTRICT CLERK
# DONNA KAY McKINNEY

HOME   CIVIL   CRIMINAL   MAGISTRATE   ONLINE SERVICES   DOWNLOADS   COST & REGISTRY   CHILD SUPPORT   FAQ's   BEXAR.ORG

[New Search]

<-- Previous Page

Cause Number: 2015CI16760
Style: WILLIAM PUGH ET AL
vs STATE FARM LLOYDS
Court: 073
Date Filed: 10/02/2015
Docket Type: CONSUMER/DTPA
Case Status: PENDING

| Seq | Last Name | Suffix | First | Middle | Date Filed | Litigant Type |
|---|---|---|---|---|---|---|
| 00001 | PUGH | | WILLIAM | | 10/02/2015 | PLAINTIFF |
| 00002 | PUGH | | MICHA | | 10/02/2015 | PLAINTIFF |
| 00003 | STATE FARM LLOYDS | | | | 10/02/2015 | DEFENDANT |

Page: 1

View our Privacy Policy   ©2010 Bexar County District Clerk   Contact the Webmaster

PRIVATE PROCESS          Case Number: 2015-CI-16760

2015CI16760 S00001

WILLIAM PUGH ET AL
VS.
STATE FARM LLOYDS
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
73rd JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: STATE FARM LLOYDS

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 2nd day of October, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 5TH DAY OF OCTOBER A.D., 2015.

PETITION   *Mark Hernandez*
           10/6/15

DANIEL OREN KUSTOFF
ATTORNEY FOR PLAINTIFF
4103 PARKDALE ST
SAN ANTONIO, TX 78229-4182



**Donna Kay M<sup>c</sup>Kinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Krystal Gonzalez*, Deputy

---

OFFICER'S RETURN

I received this citation on _____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____
_____County, Texas

By:_____
OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

Case Number: 2015CI16760        Document Type: CITATION                    Page 1 of 2
                                Declarant          FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*October 21, 2015*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

ROSANNE MEDELLIN, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

FILED
10/2/2015 12:27:34 PM
Donna'Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Morales

J/D CIT PPS SAC1

CAUSE NO. **2015CI16760**

| | | |
|---|---|---|
| WILLIAM and MICHA PUGH | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | **73RD** JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

NOW COMES, Plaintiffs, WILLIAM and MICHA PUGH, complaining of Defendant, STATE FARM LLOYDS (hereinafter STATE FARM), and for cause of action respectfully shows the Court as follows:

### I.
### CLAIM FOR RELIEF

Plaintiffs seeks monetary relief of over $100,000.00 but not more than $200,000.00. Plaintiffs also makes a demand for judgment for all the other relief to which Plaintiffs deems themselves entitled.

### II.
### DISCOVERY LEVEL

The Plaintiffs designate this case as a Level II Discovery Plan case pursuant to Texas Rules of Civil Procedure 190.1.

### III.
### PARTIES

Plaintiffs are residents of San Antonio, Bexar County, Texas.

Defendant, STATE FARM LLOYDS is a domestic insurance company and may be served with this Original Petition through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. **Service will be by private process service.**

## IV.
## JURISDICTION AND VENUE

This is a suit based on a breach of insurance contract committed by Defendant. All or part of the causes of action accrued in Bexar County, Texas. The property is located in Bexar County. The parties reside and/or do business in San Antonio, Bexar County, Texas. Therefore, pursuant to Texas Civil Practice & Remedies Code §15.002, venue is proper in Bexar County, Texas.

The amount in controversy exceeds the minimum jurisdictional limits of this Court. The Court also possesses subject matter jurisdiction over all causes of action and claims for relief stated herein.

## V.
## FACTUAL BACKGROUND

On or about August 20, 2014, Plaintiffs sustained damages at their residence at 2923 Scattered Oaks Street, San Antonio, Texas, which were caused by plumbing leaks. Pursuant to the policy of insurance issued by State Farm, Plaintiffs made a claim for the loss. Plaintiffs had purchased the Dwelling Foundation Endorsement (FE-5368.1) as an endorsement to their policy. Plaintiffs performed all of their obligations under the policy by providing State Farm with all of the requested information, as well as an opportunity to investigate the plumbing leak and the cause of the damages at their residence.

State Farm employed Rimkus Consulting to come out and evaluate the residence and damages and to determine whether or not it was attributable to this loss. It is Plaintiffs' contention that Rimkus either intentionally conducted an outcome-oriented investigation or made a severe mistake in their calculations and, consequently represented the effect that the plumbing leaks had on the property.

Despite the information provided to State Farm, they have failed to tender payment for Plaintiffs' claim under the policy and have forced Plaintiffs to retain their own experts to determine whether the plumbing leak has in fact damaged their property.

Based on the evidence gathered, Plaintiffs will show State Farm made false representations as to the applicable insurance coverage and/or the benefits due to the Plaintiffs under the insurance policy. As a result of State Farm's misrepresentations Plaintiffs are facing extensive damages in order to repair the plumbing and the foundation issues.

## VI.
## CONDITIONS PRECEDENT

All conditions precedent to bringing this suit have been satisfied or rendered impracticable as a result of the impending statute of limitations.

## VII.
## BREACH OF CONTRACT

Plaintiffs re-allege and incorporate by reference all facts and allegations set forth in the foregoing Paragraphs.

Plaintiffs would show that the above referenced policy, which they purchased from Defendant, was in full force and effect at the time of Plaintiffs' loss. Among the perils the policy insures are foundation damages. The policy provides that, if such a loss occurs due to such an insured peril as involved in this case, Defendant will pay the cost of the Plaintiffs' property losses.

Plaintiffs would further show that they submitted a claim to Defendant for payment of the claim. Notice of claim was given to Defendant in accordance with the terms of the policy. Defendant has refused and failed to pay the claim according to its obligations under the contract of insurance and, by failing to make the payments as required under the contract, Defendant has committed breach of contract of insurance between the parties.

## VIII.
## DECEPTIVE TRADE PRACTICES - CONSUMER PROTECTION ACT

Plaintiffs re-allege and incorporate by reference all facts and allegations set forth in the preceding paragraphs.

Plaintiffs, who are consumers of Defendant's insurance services, also hereby invoke the provisions of the Texas Business and Commerce Code §17.41 *et seq.*, commonly referred to as the Deceptive Trade Practices - Consumer Protection Act.

## IX.

Plaintiffs have a cause of action against Defendant under the provisions of the Deceptive Trade Practices - Consumer Protection Act pursuant to §17.50(a) which provides as follows:

"A consumer may maintain an action where any of the following constitute a producing cause of actual damages:

1. The use or employment by any person of a false, misleading or deceptive act or practice that is specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this Subchapter;

2. Any unconscionable action or course of action by any person by unreasonable delay in payment, unreasonable denial of coverage, misrepresentation of facts;

3. The breach of an express or implied warranty; or

4. The use or employment by any person of an act or practice in violation of Article 21.21, Texas Insurance Code, as amended, or rules or regulations issued by the State Board of Insurance under Article 21.21, Texas Insurance Code, as amended."

## X.
## DECEPTIVE TRADE PRACTICES - CONSUMER PROTECTION ACT §17.46(B)

Plaintiffs re-allege and incorporate by reference all facts and allegations set forth in the preceding paragraphs.

Defendant has violated various provisions of Texas Business and Commerce Code §17.46(b) including, but not limited to the following:

a. Causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services;

b. Causing confusion or misunderstanding as to the affiliation, connection or association with or certification by another;

c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have;

d. Representing that goods or services are of a particular standard, quality or grade when they are in fact of another;

e. Representing that an agreement confers or involves rights, remedies or obligations which it does not have or involve;

f. Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

The above violations of Texas Business and Commerce Code §17.46(b) were a producing cause of Plaintiffs' damages as hereinafter set forth and were committed knowingly.

## XI.

Defendant, by virtue of its conduct as described above, engaged in an unconscionable action or course of action as that term is defined by the Deceptive Trade Practices - Consumer Protection Act. Plaintiffs are entitled to the relief set out in the Act.

## XII.

The Legislature has enumerated that any violation of Chapter 541 (former Art. 21.21) of the Texas Insurance Code constitutes a violation of the DTPA. TEX. INS. CODE §541.151. Incorporating facts set forth above, Defendant has committed the following violations of Chapter 541 of the Texas Insurance Code which are also a violation of the DTPA:

a. Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverages at issue; TEX. INS. CODE §541.060(a)(1)

b. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear as evidenced by the fact that Plaintiff has been forced to file suit against Defendant in order to recover money for coverages provided for under the policy; TEX. INS. CODE §541.060(a)(2)(A)

c. Refusing to pay the full amount of the claim without conducting a reasonable investigation with respect to the claim; TEX. INS. CODE §541.060(a)(7)

d. Misrepresenting an insurance policy by making an untrue statement of fact including representing that the policy covered damage in the full amount of the water and foundation damage and coverage of personal property loss; TEX. INS. CODE §541.061(1)

e. Misrepresenting an insurance policy by failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made - including failing to state that the policy covered damages due to water and foundation damage but did not include coverage for all the damage; TEX. INS. CODE §541.061(2)

f. Misrepresenting an insurance policy by making a statement in such a manner as to mislead a reasonable prudent person to a false conclusion of a material fact including, but not limited to representing to Plaintiff that the policy covered foundation and water damage and misleading her that resulting damage from such loss would be covered but failing to advise her that all the damage would not be covered; TEX. INS. CODE §541.061(3)

### XIII.
### VIOLATIONS OF CHAPTER 541 OF THE TEXAS INSURANCE CODE

Chapter 541 (former Article 21.21) of the Texas Insurance Code defines unfair methods of competition and unfair and deceptive acts or practices in the business of insurance for insurers such as Defendant. As set forth in the above paragraphs, Defendant has violated the following provisions of Chapter 541 of the Texas Insurance Code:

a. Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverages at issue, specifically that the policy provided payment in the case of foundation and water damage; TEX. INS. CODE §541.060(a)(1)

b. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear as evidenced by the fact that Plaintiff has been forced to file suit against Defendant in order to recover the full amount of money for coverages provided for under the policy; TEX. INS. CODE §541.060(a)(2)(A)

   c. Refusing to pay a Plaintiff's full claim without conducting a reasonable investigation with respect to the claim, specifically refusing to pay the claim for the foundation and water damages; TEX. INS. CODE §541.060(a)(7)

   d. Misrepresenting an insurance policy by making an untrue statement of fact including representing that the policy covered damage resulting from the foundation and water; TEX. INS. CODE §541.061(1)

   e. Misrepresenting an insurance policy by failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; TEX. INS. CODE §541.061(2)

   f. Misrepresenting an insurance policy by making a statement in such a manner as to mislead a reasonable prudent person to a false conclusion of a material fact; TEX. INS. CODE §541.061(3)

The above violations of Chapter 541 of the Texas Insurance Code caused Plaintiffs' damages set forth herein. Plaintiffs would show that Defendant has committed these acts and that these acts were a producing cause of Plaintiffs' damages as hereinafter set forth. Plaintiffs seek the cost of repair or replacement of the damage due to the covered loss as provided by the contract of insurance, the additional cost of repair of the damage due to the breach of contract by Defendant, the loss of value to the residence after repairs.

### XIV.
### VIOLATION OF CHAPTER 542 OF THE TEXAS INSURANCE CODE – UNFAIR CLAIM SETTLEMENT PRACTICES ACT

Texas Insurance Code Chapter 542 defines unfair claims settlement practices in the business of insurance. Defendant's acts, omissions, failure and conduct that are described above violated Chapter 542 of the Texas Insurance Code. Specifically, Defendant violated the following provisions of Chapter 542:

   a. Failing to adopt and implement reasonable standards for the prompt investigations of claims arising under the insurer's policy; TEX. INS. CODE §542.003(b)(3)

   b. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear as evidenced by the fact that

Plaintiff has been forced to file suit against Defendant in order to recover money for coverages provided for under the policy; TEX. INS. CODE §542.003(b)(4)

c. Compelling policy holder to institute suit to recover amounts due under its policies as in the present case wherein Plaintiff was forced to file suit to recover amounts due under the policy; TEX. INS. CODE §542.003(b)(5)

### XV.

Chapter 542 of the Texas Insurance Code also provides for the prompt payment of claims by persons engaging in the business of insurance. Defendant violated Chapter 542.057 by failing to pay Plaintiffs' full claim within the timelines prescribed by the statute. As a result of Defendant's wrongful conduct, Plaintiffs' claim has not been timely paid, and they have been deprived of the use of the funds under the policy of insurance.

Plaintiffs are entitled to a statutory eighteen percent (18%) penalty, attorneys' fees and Court costs.

### XVI.
### BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING

Plaintiffs re-allege and incorporate by reference all facts and allegations set forth in the preceding paragraphs.

Moreover, Plaintiffs would show that a special relationship exists between Defendant and Plaintiffs such that Defendant owed its insured a duty to deal fairly and in good faith. Plaintiffs would further show that Defendant breached this duty owed to Plaintiffs and as such, they are entitled to damages.

### XIX.
### ATTORNEYS FEES

Defendant's conduct as described in this Petition and the resulting damage and loss to Plaintiffs have necessitated Plaintiffs retaining the attorneys whose names are subscribed to this

Petition. Plaintiffs seek to recover attorney's fees under Civil Practices and Remedies Code 38.001(8) as well as under the Deceptive Trade Practices Act.

## XX.
## DAMAGES

Plaintiffs allege that they have sustained actual damages in an amount in excess of the minimum jurisdictional limits of the Court, including actual and consequential damages, cost of replacement and/or repair of Plaintiff's property, alternative living expenses, storage expenses, all due to the covered loss as provided by the contract of insurance, loss of use due to the delay and malfeasance of the Defendant, exemplary damages, court costs and reasonable attorney's fees.

## XXI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask that Defendant be cited to appear and answer and upon trial thereof Plaintiffs be awarded actual damages, economic damages, consequential damages, special damages, attorneys' fees, pre-judgment interest, post-judgment interest, taxable court costs, all in an amount that exceeds the jurisdictional limits of this Court and for such other and further relief to which Plaintiffs may show themselves justly entitled.

**PLAINTIFFS REQUEST A TRIAL BY JURY AND TENDER THE JURY FEE OF $30.00.**

Respectfully submitted,

KUSTOFF & PHIPPS, LLP
4103 Parkdale Street
San Antonio, Texas 78229
Telephone: (210) 614-9444
Telecopier: (210) 614-9464

By: _____
DANIEL O. KUSTOFF
State Bar No. 11770515
dkustoffservice@kplegal.com
MELANIE PHIPPS SANDERS
State Bar No. 24032416
msanders@kplegal.com
GABRIEL A. RODRIGUEZ
State Bar No. 24079675
grodriguez@kplegal.com

ATTORNEYS FOR PLAINTIFF

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____    COURT *(FOR CLERK USE ONLY):* _____

STYLED William and Micha Pugh v. State Farm Lloyds
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Daniel O. Kustoff | Email:<br>msuchosky@kplegal.com | Plaintiff(s)/Petitioner(s):<br>William and Micha Pugh | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address:<br>4103 Parkdale | Telephone:<br>210-614-9444 | | Additional Parties in Child Support Case:<br>Custodial Parent: |
| City/State/Zip:<br>San Antonio, Texas 78229 | Fax:<br>210-614-9464 | Defendant(s)/Respondent(s):<br>State Farm Lloyds | Non-Custodial Parent: |
| Signature: /s/ | State Bar No:<br>11770515 | | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☒ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☒ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☒ Mental Health<br>☐ Other: |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

☐ Appeal from Municipal or Justice Court   ☐ Declaratory Judgment   ☐ Prejudgment Remedy
☐ Arbitration-related                      ☐ Garnishment             ☐ Protective Order
☐ Attachment                               ☐ Interpleader            ☐ Receiver
☐ Bill of Review                           ☐ License                 ☐ Sequestration
☐ Certiorari                               ☐ Mandamus                ☐ Temporary Restraining Order/Injunction
☐ Class Action                             ☐ Post-judgment           ☐ Turnover

**4. Indicate damages sought (do not select if it is a family law case):**
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*October 21, 2015*

DONNA KAY McKINNEY
BEXAR COUNTY, TEXAS

By: _____
MAXIMILIANO MARQUEZ, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*